# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| RUSSELL ALAN POWELL,<br>    Plaintiff, | )<br>)<br>) |
| v. | )   No. 3:09-CV-502 |
| | )   (Phillips) |
| TERESA JEAN POWELL (LINDBERT),<br>    Defendant. | )<br>)<br>) |

## MEMORANDUM OPINION

Plaintiff has filed this action, pursuant to 28 U.S.C. § 1332, diversity jurisdiction, alleging that he did not receive personal properly allegedly due to him as a result of the divorce from defendant. Defendant has moved to dismiss the complaint asserting that the domestic relations exception to diversity jurisdiction divests this court of subject-matter jurisdiction over an action involving the judgment of divorce granted by the Circuit Court for Sevier County, Tennessee.

## Background

In his complaint, plaintiff states that the parties entered into an oral contract for the equitable division of their real and personal property. As part of the divorce proceedings, the parties entered into a Marital Dissolution Agreement (Agreement) which was incorporated into the Final Judgment of Absolute Divorce filed on April 8, 2008, in the Circuit Court for Sevier County, Tennessee. Plaintiff alleges that he did not receive all the

personal properly due to him, and asks this court to award to him certain items of personal property which he alleges he is due under the parties' oral contract.

The Agreement contains a provision regarding the equitable division of the personal property of the marriage:

> 4. **PERSONAL PROPERTY**: The parties agree that they have or, by the date of their divorce will have divided, between them their various items of marital personal property in a manner which is fair and equitable to each of the parties. Upon completion of this division, each shall be entitled to retain as his or her own separate property any items of personalty in the possession of that party, free and clear of any claims of the other party.

The Agreement further states:

> 13. **COMPLETE SETTLEMENT**: It is expressly understood and agreed by and between the parties that this Agreement is intended to be a final and complete settlement of all property rights of the respective parties hereto. Each party hereby waives and relinquishes to the other all right or claims that each may have or hereafter acquire on the other's property under the present and future laws of any jurisdiction. No modification of this Agreement shall be binding unless reduced to writing and signed by both parties.

The Agreement was expressly incorporated into the parties' final judgment for divorce. Plaintiff does not allege that the parties have entered into a written modification of the agreement regarding personal property.

On March 3, 2009, plaintiff filed an action in the United States District Court for the Northern District of Texas, Dallas Division, alleging that the had not received personal property that he and defendant agreed he would receive as a result of the divorce.

Defendant filed a motion to dismiss on March 27, 2009, asserting lack of personal jurisdiction. The Texas court dismissed plaintiff's action on August 13, 2009 for lack of personal jurisdiction.

On September 25, 2009, plaintiff again filed another complaint with the Texas court identifying property that he alleged should be returned to him. On November 11, 2009, the matter was transferred *sua sponte* to this court.

## **Analysis**

Defendant has moved to dismiss the complaint asserting that the domestic relations exception to diversity jurisdiction divests this court of subject-matter jurisdiction over an action involving the judgment of divorce granted by the Circuit Court for Sevier County, Tennessee. Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes dismissal of a case for "lack of subject matter jurisdiction."

In his response to the motion to dismiss, plaintiff argues that the Texas court found that the "domestic relations exception" did not apply and this is now the "law of the case." The doctrine of law of the case posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988). The doctrine applies as much to the decisions of a coordinate court in the same case as to a court's own decisions. *Id.* The basic premise behind the law of the case doctrine is that courts should

generally "refuse to reopen what has been decided." *Messinger v. Anderson*, 225 U.S. 436, 444 (1912).

However, the law of the case doctrine is not an "inexorable command." *See United States Steel Corp. v. Holley*, 479 F.2d 489, 494 (6th Cir. 1983). A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, "although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson*, 460 U.S. at 817. A court must "find some cogent reason to show the prior ruling is no longer applicable" before refusing to apply the law of the case. *Holley*, 479 F.2d at 494.

Traditionally, the Sixth Circuit and the district courts within the Sixth Circuit, have recognized that there is a domestic relations exception to the exercise of federal diversity jurisdiction. *Firestone v. Cleveland Trust Co.,* 654 F2d, 1212 (6th Cir. 1981); *Gray v. Richardson*, 474 F.2d 1370 (6th Cir. 1973); *Gargallo v. Gargallo,* 472 F.2d 1219 (6th Cir. 1973); *Harris v. Turner*, 329 F.2d 918 (6th Cir. 1964). More recently, In *McLaughlin v. Cotner*, the Sixth Circuit affirmed a district court determination that jurisdiction does not exist for domestic relations cases involving divorce, alimony, and child custody matters. *Id.*, 193 F.3d 410, 412-13 (6th Cir. 1999) (citing *Ankenbrandt v. Richards*, 504 U.S. 689 (1992)). The domestic relations exception is not limited to the granting of a divorce decree but also to the modification of such a decree. *Ankenbrandt*, 504 U.S. at 701-02.

4

In the present case, Plaintiff has attempted to disguise the true nature of this action by claiming that he is merely making a claim for damages based on a breach of contract. Plaintiff's claims in this case all arise from the dissolution of the marriage of the parties and the distribution of assets in the divorce decree. The alleged "oral contract" for the distribution of their personal property was incorporated into the divorce decree, and consequently, the obligations now imposed are not those imposed by the law of contract, as the Texas court found, but are those imposed by the divorce decree. Therefore, the federal courts lack jurisdiction as this case is not a contract suit, but is one seeking a declaration of rights and obligations arising from marital status. This is a clear case for the application of the "domestic relations exception." *See Catz v. Chalker*, 142 F.3d 279, 291 (6th Cir. 1998) ("Traditionally, marriage, divorce, child custody, support payments, and division of marital assets are uniquely state matters which involve distinct issues of state law").

Assuming that plaintiff's claims of breach of the divorce decree are meritorious, the state court is well-equipped to deal with them in the context of the divorce decree's distribution of assets. Accordingly, the court finds that this case falls within the "domestic relations exception" to diversity jurisdiction and that dismissal of the case is appropriate.

## Conclusion

For the reasons stated above, the motion to dismiss filed by defendant [Doc. 8] is **GRANTED**, and this action is hereby **DISMISSED, without prejudice.**

Defendant's motion for sanctions [Doc. 12] is **DENIED.**

**ENTER:**

s/ Thomas W. Phillips
United States District Judge